UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LANCE PERKINS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>R. NAVARRETE ATRISCO *et al.*,<br><br>　　　　　Defendants. | CAUSE NO. 3:22-CV-1052-DRL-JEM |

OPINION AND ORDER

Lance Perkins, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

Mr. Perkins alleges that the roof in the Administrative Housing Unit (AHU) at Miami Correctional Facility leaks. There is a bucket to catch the water, but he says water still pools on the ground. He alleges he was led in restraints by Sergeant R. Navarrete Atrisco through that puddle, causing him to fall on the bucket and hurt his neck and back. ECF 1 at 2. Mr. Perkins further alleges that Sergeant Navarrete Atrisco was "paying no attention" to where they were walking and that there were no warning signs to signal the puddle. ECF 1-1 at 1.

The Eighth Amendment imposes a duty on prison officials "to take reasonable measures to guarantee the safety of inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). In evaluating an Eighth Amendment claim for unconstitutional prison conditions, courts conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008). The objective prong asks whether the alleged deprivation is "sufficiently serious" that the action or inaction of a prison official leads to "the denial of the minimal civilized measure of life's necessities." *Farmer*, 511 U.S. at 834. On the subjective prong, the prisoner must show the defendant acted with deliberate indifference to the prison conditions in question. *Townsend*, 522 F.3d at 773. Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). In other words, a plaintiff must show that "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Haywood v. Hathaway*, 842 F.3d 1026, 1031 (7th Cir. 2016) (quotations omitted).

The existence of a wet and slippery floor does not meet the objective requirement that a deprivation be "sufficiently serious" that it leads to "the denial of the minimal civilized measure of life's necessities." *Farmer*, 511 U.S. at 834. In short, Mr. Perkins alleges that he was deprived of a floor without puddles. But "[f]ederal courts consistently have

2

adopted the view that slippery surfaces and shower floors in prisons, without more, cannot constitute a hazardous condition of confinement." *Pyles v. Fahim*, 771 F.3d 403, 410 (7th Cir. 2014) (affirming dismissal of a conditions-of-confinement claim arising out of a fall on stairs that were rendered slippery due to inmate's wet shower shoes). Mr. Perkins's complaint fails to show danger above that of an ordinary wet floor.

Even if Mr. Perkins' complaint were to satisfy the objective prong of the two-part test, it would fail on the second, subjective prong. His allegations show that Sergeant Navarrete Atrisco was distracted as he led Mr. Perkins to the shower. Distraction falls short of the high bar necessary to show deliberate indifference. Deliberate indifference is "something approaching a total unconcern for a prisoner's welfare in the face of serious risks," or a "conscious, culpable refusal" to prevent harm. *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992). Here, Sergeant Navarrete Atrisco's actions constitute negligence at most. Negligence generally states no claim upon which relief can be granted in a § 1983 action. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (negligence does not constitute deliberate indifference); *McNeil v. Lane*, 16 F.3d 123, 124 (7th Cir. 1994) ("Obduracy and wantonness rather than inadvertence or mere negligence characterize conduct prohibited by the Eighth Amendment.").

Moreover, failing to use a "wet floor" sign in violation of a prison policy does not state a constitutional claim. A violation of prison policy, alone, is not enough to state a claim under 42 U.S.C. § 1983. *See Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) ("However, 42 U.S.C. §1983 protects plaintiffs from constitutional violations, not violations of state laws or, in this case, departmental regulations and police practices.").

In general, "[f]ederal courts are consistent in holding that slip-and-fall incidents, whether on ice, water, or slippery floors, do not meet the deliberate indifference standard of Eighth Amendment conditions of confinement claims." *Owens v. Carter*, No. 2:17-CV-462, 2017 WL 4682812, 2 (S.D. Ind. Oct. 18, 2017) (collecting cases). As a result, the complaint does not state an Eighth Amendment claim based on deficient prison conditions.

After the fall, Mr. Perkins alleges that a Signal 3000 was called for a medical emergency. While they were waiting for the medical providers to arrive, he complains that Sergeant Navarrete Atrisco tried to turn him onto his back, which made the pain worse. Then, he continues, the response team, consisting of two medical staff members and three correctional officers, placed him on his side on the stretcher, which was against policy. At medical, he was treated for the pain. But he alleges he continues to have ongoing issues with neck and back pain, which he blames on the fall. He sues Sergeant Navarrete Atrisco, a lieutenant, and two of the correctional officers who helped transport him to medical.

To the extent Mr. Perkins seeks to state a claim for deficient care after his fall, the allegations do not plausibly allege anything more than negligence. To state a claim, he must plausibly allege that a defendant was deliberately indifferent to an objectively serious medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). But the defendants' actions here do not amount to more than negligence, which, as discussed above does not state a claim under § 1983. No facts suggest that either Sergeant Navarrete Atrisco or other staff who assisted Mr. Perkins onto the stretcher did so with a conscious refusal to prevent further harm or injury. Nor is it plausible that his fall required particular care

4

when being transported to medical. As a result, the complaint does not state a claim for constitutionally inadequate medical care.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). However, "courts have broad discretion to deny leave to amend where . . . the amendment would be futile." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). Here, because Mr. Perkins could allege no facts consistent with this complaint which amount to a valid § 1983 claim, it would be futile to allow him leave to amend.

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A.

SO ORDERED.

March 2, 2023                              *s/ Damon R. Leichty*
                                            Judge, United States District Court